**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5099

RONALD MCGILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-67)

Argued: June 7, 1996

Decided: August 2, 1996

Before WILKINSON, Chief Judge, and HAMILTON and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Jr., Assistant Federal Public
Defender, Raleigh, North Carolina, for Appellant. William A. Braf-
ford, Assistant United States Attorney, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ronald McGill pleaded guilty to three counts of possessing implements for making counterfeit securities, and was sentenced at the top of the guideline range to 63 months. McGill herein appeals, claiming that the district court improperly denied his motion to change counsel, that the prosecution's failure to indict him until April 1994 constituted a violation of the Speedy Trial Act, and that the district court failed to provide an adequate explanation of its reasons for sentencing him as it did. Finding no error, we affirm.

I.

Immediately before trial, McGill made a motion for a change of counsel because he had complaints about his court-appointed lawyer, Thomas Will. After conducting a hearing, the district court denied his motion and offered him the choice between proceeding pro se or proceeding with Will as his counsel. McGill chose to retain Will, and Will continued to represent him -- without further incident -- for the next three months, through McGill's guilty plea and sentencing.

Although McGill apparently believes that the appropriate standard of review for the district court's decision is a question of "first impression," see Appellant's Br. at 9, it is well settled in this circuit that a district court's decision whether or not to grant a motion to change counsel is reviewable only for abuse of discretion. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). In considering whether a district court has abused its discretion in denying a motion to substitute counsel, we consider, generally, three factors: the timeliness of the motion, the adequacy of the court's inquiry, and the degree to which the attorney/client relationship had so deteriorated as to make it totally lacking communication. Id.

2

Here, McGill's motion was filed twelve days before trial. The court held a hearing on the motion, during which it asked McGill the grounds of his disagreement, asked the prosecution for its views, and asked McGill's appointed lawyer Thomas Will, as well. The prosecution stated, "I believe he is simply complaining about the fact that his attorney has not got him out on bond and that's why he wants a new lawyer." J.A. at 17. The court listened to McGill's complaints. McGill complained that Will did not contact McGill's lawyer in his state prosecution, that he did not give McGill a copy of the sentencing guidelines, that he did not let him inspect the government's discovery, and that he had not talked with him very much about the case. The court then heard Will's explanations. Will stated that, although he did not give McGill a copy of the search warrant, he discussed its contents with him; that McGill's complaint that Will had not obtained a detention hearing for him was groundless because he was not entitled to one; and that he did not give McGill a copy of the sentencing guidelines because he did not own one (he used the library's). J.A. at 18. After hearing McGill's complaints and Will's explanations, the district court ultimately concluded that inquiry"indicate[d] that [Will] [was] a very competent lawyer who has handled many of these cases." J.A. at 27. And, although Will stated that his relationship with McGill had become "unpleasant," he did not say that communication had broken down altogether. Under these circumstances, we believe the district court did not abuse its discretion in denying McGill's motion for substitution of counsel.

II.

In January 1993, federal and state police obtained a search warrant and searched McGill's motel room in Charlotte, North Carolina, recovering computers and equipment used to make phony checks and birth certificates. McGill was then arrested on state forgery charges. One year later, in January 1994, McGill was arrested on a fugitive warrant in Tennessee. McGill alleges that this Tennessee arrest was really for the federal charges at issue here, and so it should have triggered the 30-day period for indictment under the Speedy Trial Act, 18 U.S.C. § 3161(b). McGill was indicted in the Western District of North Carolina on the instant charges on April 7, 1994, and brought from Tennessee to Charlotte on a writ of habeas corpus ad prosequendum on May 23.

We reject McGill's claim, as did the district court, because there is no persuasive evidence that the Tennessee arrest was actually on these federal charges. See United States v. Benitez, 34 F.3d 1489, 1493-94 (9th Cir.), cert. denied, 115 S. Ct. 1268 (1995) ("Only a `federal arrest' triggers the running of the thirty day time period set forth in § 3161(b)."). Although there is no indication that any federal officials participated in the Tennessee arrest in any way, McGill argues that the arrest must have been for the federal charges, the North Carolina state charges having been dismissed because the 1993 search warrant lacked probable cause. This argument is meritless, however, because (as McGill neglects to mention), although the warrants were found to be without probable cause on February 5, 1993, a North Carolina state grand jury indicted McGill two weeks later, on February 22, 1993, and the charges remained pending until June 17, 1994, when they were dismissed because of the pending federal prosecution. Moreover, the affidavit on the Tennessee fugitive warrant stated that it was for conduct that occurred in Knox County, Tennessee, not North Carolina, where the conduct underlying the federal charges (and the North Carolina state charges) occurred.* J.A. at 15. And, most importantly, McGill was convicted in Tennessee of forgery as a result of the January 1994 arrest, J.A. at 74, so McGill's claim that that arrest was really a ruse for a federal arrest is baseless.

III.

Finally, McGill argues that the district court failed to follow the mandate of 18 U.S.C. § 3553(c)-(c)(1), which provides that,

> [t]he court, at the time of sentencing, shall state in open court the reasons for the imposition of the particular sentence, and, if the sentence -- . . . [has a] range [that] exceeds 24 months, the reason for imposing a sentence at a particular point within the range.

Id. (emphasis added). The government concedes that the district court failed to give any explanation in sentencing McGill to the high end

_____

*The affidavit also notes that McGill is wanted by Secret Service from North Carolina (which is crossed out by hand and replaced with "South Carolina").

4

of the guideline range (63 months), but argues that this court lacks jurisdiction to address the issue, because there was no legal error in imposing the sentence. <u>See</u> 18 U.S.C. § 3742(a)(1)-(2) (limiting reviewability of sentences to sentences "imposed in violation of law" or those "imposed as a result of an incorrect application of the sentencing guidelines"); <u>United States</u> v. <u>Jones</u>, 18 F.3d 1145, 1151 n.4 (4th Cir. 1994) (reserving question of reviewability of failure to explain reasons under section 3553(c)(1)).

Even assuming <u>arguendo</u> that the district court's failure to explain its reasons is reviewable, because McGill did not object or request an explanation at sentencing, J.A. at 60-62, the court's failure to explain its reasons could only be reversed for plain error. Because it is not at all apparent that the court committed error at all (considering that the sentencing range here -- the twelve month difference between the 51 months and the 63 months representing the low and the high ends of the guideline range, respectively -- did not exceed 24 months), and because, in any event, the alleged error does not affect substantial rights or seriously affect the fairness and integrity of judicial proceedings, we conclude that the district court did not commit plain error.

<u>CONCLUSION</u>

For the reasons stated herein, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

5